## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No:

Luis A. Martinez,
an individual

       Plaintiff,

v.

Antonio Arvelaiz, an individual.

       Defendants,

_____/

## VERIFIED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Luis A. Martinez ("Martinez") by and through his undersigned attorney, and sues Defendant, Antonio Arvelaiz, an individual, ("Arvelaiz"), and alleges:

## NATURE OF THE ACTION

1.    This is an action for breach of contract, conversion or in the alternative fraud in the inducement and unjust enrichment against the named Defendant.

## PARTIES

2.    Plaintiff, Martinez is a Venezuelan citizen residing in Venezuela who engaged in business in Florida with Defendants.

3.    Upon information and belief, Defendant, Arvelaiz is an individual residing in Florida offering foreign currency exchange services in Miami, Florida.

## JURISDICTIONAL ALLEGATIONS

4.    This court has jurisdiction through diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332 in that Plaintiffs and Defendant are citizens of different

states. Specifically, Plaintiff Martinez is a resident of Venezuela, Defendants Arvelaiz is a resident of Florida.

5.   Subject matter jurisdiction is also proper because the matter in controversy for monetary damages exceeds seventy-five thousand ($75,000.00), exclusive of attorneys' fees and costs.

6.   Venue is proper in this Court because this is the District in which a substantial part of the events and/or omissions giving rise to the Plaintiffs' claims occurred.

7.   All conditions precedents to the maintenance of this action by Plaintiffs have occurred or have been waived performed or excused.

## BACKGROUND

8.   Defendant Arvelaiz engineered a scheme to defraud Martinez of amounts in excess of two hundred and thirty thousand ($230,000.00) dollars.

9.   On or about February 2013, Arvelaiz advertised the exchange of Venezuelan Bolivares to U.S. Dollars through the means of electronic media communications such as Blackberry Messenger and Whatsapp.

10.   Martinez responded to the adverting and entered into a verbal agreement with Arvelaiz whereby Martinez would deposit Venezuelan Bolivares in Arvelaiz's designated bank accounts and Arvelaiz would deposit Martinez the equivalent exchange in U.S. Dollars.

11.   Martinez made the deposit of the amount in Venezuelan Bolivares in Arvelaiz's designated bank account or about March 3, 2013.

12.   Martinez has been in continuous communication via Whatsapp, email and phone with Arvelaiz who has acknowledged the verbal contract, the receipt of the money and the debt to Martinez.

13.   Arvelaiz stated that he would cover the debt to Martinez through real and personal property he has in Miami, Florida and Venezuela but so far has not done so.

14.   It is Martinez's belief that Arvelaiz simply decided to take the funds transferred by Martinez for his own personal use, as they he only paid Martinez back

twenty thousand ($20,000.00) out of the two hundred and thirty thousand ($230,000.00) dollars owed to Martinez.

15.     Martinez has requested for Arvelaiz to return the balance money to Martinez, however, Arvelaizt has refused to do so.  Instead Arvelaiz has made written physical threats to Martinez and Martinez's family's life and wellbeing.

16.     Martinez has retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorney's fee.

## COUNT I
## BREACH OF CONTRACT

17.     Martinez realleges and reaffirms Paragraphs 1 though 16 as fully set forth herein.

18.     Martinez and Arvelaiz entered into a verbal agreement. Said agreement is evidenced by the deposits made into Arvelaiz's designated bank accounts, and the Whatsapp conversations and email messages acknowledging the contract.

19.     Arvelaiz breached the agreement by failing to transfer the funds to Martinez in U.S. Dollars.

20.     Martinez has been damaged in that he has been deprived of the money paid to Arvelaiz, has lost money by the exchange rate having changed, and has lost the ability to utilize the money for other purposes.


**WHEREFORE**, Plaintiff requests damages against Arvelaiz to be proven at the time of trial, prejudgment interest, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## CONVERSION

21.     Martinez realleges and reaffirms Paragraphs 1 though 16 as fully set forth herein.

22.     Martinez transferred the monies to Arvelaiz's designated bank accounts to be used solely for the purpose of Arvelaiz exchanging the Venezuelan Bolivares into U.S Dollars. This money was not intended authorized or agreed to be used for any other purpose.

23.     Instead, Arvelaiz took possession, ownership and control of the money exceeding two hundred and thirty thousand ($230,000.00) dollars for his own personal use.

24.     The unauthorized, illegal, and deceitful use of the money by Arvelaiz for his own personal use, were and are inconsistent with Martinez's interest in said property.

**WHEREFORE,** Plaintiff requests damages against Arvelaiz for the conversion of the money, and all other relief which this Court deems reasonable under the circumstances.

## COUNT III
## FRAUDULENT INDUCEMENT

25.     Martinez realleges and reaffirm Paragraphs 1 though 16 as fully set forth herein.  Martinez files this count as an alternative to other counts in this Complaint.

26.     Arvelaiz made statements to Martinez in that he would exchange Martinez's Venezuelan Bolivares to U.S. Dollars. These statements were material in Martinez entering into the verbal contract with Arvelaiz and transferring the money to Arvelaiz's designated bank accounts.

27.     Arvelaiz knew that the statements he made were false at the time he made them as he intentionally misrepresented these facts in order to induce Martinez to deposit the money into Arvelaiz's designated bank accounts.

28.     Arvelaiz knew that the false statements he was making would induce Martinez to make a decision for him to enter into an agreement with him and for Martinez to transfer monies to Arvelaiz's designated bank accounts.

29.     Martinez relied on the statements made by Arvelaiz to enter into an agreement with him and for him to transfer monies to Arvelaiz's designated bank account.

30.     Martinez has been damaged due to the reliance on Arvelaiz's false statements.

**WHEREFORE,** Martinez requests damages against Arvelaiz to be proven at the time of trial, prejudgment interest, attorneys fees, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT IV
## UNJUST ENRICHEMENT

31.     Martinez realleges and reaffirm Paragraphs 1 though 16 as fully set forth herein.  Martinez files this count as an alternative to other counts in this Complaint.

32.     Martinez conferred a benefit to Arvelaiz by depositing approximately two hundred and thirty thousand ($230,000.00) dollars in Venezuelan Bolivares to Arvelaiz's designated bank accounts.

33.    Arvelaiz acknowledged receipt of the money deposited into Arvelaiz's designated bank accounts.

34.    Arvelaiz accepted and retained the money deposited into Arvelaiz's designated bank accounts.

35.    Since Martinez did not receive the benefit of obtaining the equivalent in U.S. Dollars for the money deposited into Arvelaiz's designated bank accounts, it would be inequitable for Arvelaiz to retain these monies for his own personal use without any benefit to Martinez.

WHEREFORE, Martinez requests damages against Arvelaiz to be proven at the time of trial, prejudgment interest, and any and all other relief which this Court deems reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, hereby demand a jury trial of all issues triable.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements contained on this Complaint against Antonio Arvelaiz are true and correct.

By: _____

Luis A. Martinez

6

Dated June 14, 2013

Respectfully submitted,

By:  /s/ Julisse Jimenez
*Attorney for Plaintiffs*
Florida Bar No. 0065387
Email: jj@gvazquez.com
By:  /s/ Gerardo A. Vazquez
*Attorney for Plaintiffs*
Florida Bar No. 6904
Email: gv@gvazquez.com
Vazquez & Associates
601 Brickell Key Dr. Suite 702
Miami FL 33131
Telephone: 305-371-8064
Facsimile: 305-371-4967